**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**DIANE G. PADILLA,**

      Plaintiff,

vs.                             Civ. No. 00-731 LH/DJS

**LARRY G. MASSANARI, Acting**
**Commissioner of Social Security,**[1]

      Defendant.


**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[2]

    1. Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding the matter for a rehearing. The Court will review the Commissioner's

---

    [1] Pursuant to Fed.R.Civ.P. 25, Larry G. Massanari, Acting Commissioner of Social Security is substituted for William A. Halter, Acting Commissioner, as the Defendant in this action. Mr. Massanari was designated by President Bush on March 29, 2001.

    [2] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. Williams v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2.    Plaintiff applied for Supplemental Security Income benefits on September 30, 1997 alleging a disability which commenced on May 27, 1996.  Tr. 75 and 84.  The Administrative Law Judge (ALJ) found that Plaintiff was not disabled.  Tr. 16.  The Appeals Council denied Plaintiff's request for review.  Tr. 6.  The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3.    Plaintiff alleges a disability due to chronic back pain and right hip, leg and foot pain. Tr. 84.  Plaintiff was 43 years old at the time of the ALJ's decision and has a twelfth grade education.  Tr. 15 and 91.  Plaintiff previously worked as a nurse's aid and developmental disability technician.  Tr. 15 and 91.

**Issues**

4.  Plaintiff alleges the ALJ made three errors. Specifically Plaintiff claims that: (1) the ALJ's residual functional capacity (RFC) finding is not supported by substantial evidence and is contrary to law; (2) the ALJ's credibility finding

is not supported by substantial evidence and is contrary to law;
and (3) the hypothetical question to the vocational expert did not
contain all the impairments for which there is support in the
record.

### The Standard of Review

5.     The function of this Court on review is not to try the
Plaintiff's claim *de novo*, but to determine upon the whole record
whether the Commissioner's decision is supported by substantial
evidence.   Hamilton v. Secretary of Health and Human Services, 961
F.2d 1495, 1497-98 (10th Cir. 1992).   Substantial evidence is more
than a scintilla but less than a preponderance of the evidence.
Richardson v. Perales, 402 U.S. 389, 401 (1971).    It is such
relevant evidence as reasonable minds might accept as adequate to
support a conclusion.   Id.   It is well settled that if there is
substantial evidence to support the Commissioner's decision then
that decision must be upheld.   However, the district court should
not blindly affirm the Commissioner's decision but must instead
scrutinize the entire record to determine if the Plaintiff's claim
is supported by substantial evidence and the law has been correctly
applied.   Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6.     The Plaintiff must first make a *prima facie* showing of an
impairment which effectively precludes her from returning to her
past work.   Once that showing is made, the burden shifts to the
Commissioner to show:  (1) that the Plaintiff, considering her age,

3

education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

7.   To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §404.1520.  At the first three levels of the sequential evaluation process, the claimant must show: (1) that she is not engaged in substantial gainful employment;  (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant cannot show that she has met or equaled a listing, she must show at step four that she is unable to perform work she had done in the past.  At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering her age, education, and prior work experience.  If a determination of disabled or not disabled is found at any step, further inquiry is not required.  20 C.F.R. §404.1520.

8.   Upon reaching the fifth step of the sequential evaluation

process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists.  20 C.F.R. Part 404, Subpt. P, App. 2.   These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies.  20 C.F.R. §404.1566(d).  This aids the Commissioner in determining what specific job types exist in the national economy for the claimant.  To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity.   20 C.F.R. §§404.1545, 404.1563-.1565.  These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled.  20 C.F.R. §404.1569.   The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment.  20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9.   Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination.  Id.  In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id.  If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert

5

testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984).   However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids.   Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10.    Plaintiff failed to carry her burden in establishing that she has a disabling impairment.   To qualify for benefits Plaintiff must demonstrate, in accordance with the relevant portion of Section 223(d) of the Act, 42 U.S.C. §423(d), that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for at least 12 months.   42 U.S.C. §416(1)(10).   The Act defines a physical or mental impairment as one "that results from anatomical, physiological or psychological abnormalities which are demonstrated by medically acceptable clinical or laboratory diagnostic techniques."   42 U.S.C. Sec. 423(d)(3).   The Commissioners' regulations require claimants to support their allegations through medically acceptable clinical and diagnostic techniques.  20 C.F.R. §404.1513.

11.    In the decision, the ALJ correctly considered the objective medical evidence.  20 C.F.R. Sec. 404.1529(c).  As noted

by the ALJ, on May 8, 1997 the Plaintiff had an MRI which showed a herniated disc at the L5-S1 level.  Tr. 215-16.  She had back surgery in June of 1997.  Tr. 159.  She started physical therapy in July of 1997.  Tr. 201. As noted by the ALJ, all objective tests since Plaintiff's surgery have been negative.  Tr. 14.  Plaintiff had an MRI of the lumbar on September 29, 1997.  According to her surgeon, Dr. Richard N. Castillo, this showed an adequate diskectomy at the L5-S1 level on the right hand side.  The MRI further showed here was "no further evidence of disc rupture."  Tr. 206.  Further, there was "very minimal epidural fibrosis changes."  Id.  Dr. Castillo ordered a follow up of an MRI of Plaintiff's pelvis and right hip.  He reported that they were "negative, other than a cyst on her right ovary."  Tr. 204.

    12.    The ALJ also correctly considered the opinion of Plaintiff's treating physician, Dr. Castillo.  Substantial weight must be given to the opinion of a treating physician unless good causes is shown for rejecting it.  Reyes v. Bowen, 845 F.2d 242, 244-45 (10th Cir. 1988).  On at least three occasions Dr. Castillo found that the medical evidence would not support any finding that Plaintiff was disabled.  On October 1, 1997 he wrote:

> The patient did tell me today that she was applying for
> disability.  I feel that this will probably have a negative
> effective (sic) on the patient's overall prognosis.  I did
> tell her at this point that we have really found nothing that
> could substantiate her present situation or disability.

Tr. 206.  On October 15, 1997, Dr. Castillo wrote that "[a]t this point I haven't found anything that I can give to her disability

claim."  Tr. 204.  On March 11, 1998, the Plaintiff specifically saw Dr. Castillo to discuss her disability claim.  He wrote that he told the Plaintiff that "I really didn't have an opinion on whether she could work or not.  We do not have any objective criteria for why she cannot."  Tr. 243.

13.   The Plaintiff had an extensive neurological evaluation by Dr. Johnson on July 23, 1998.  He performed a physical exam of the Plaintiff and his findings were in the normal range.  Her gait and station were normal.  She had full passive range of motion without pain.  There was normal stability and no sublaxation or laxity.  She had normal strength and tone.  She also had ful passive range of motion without pain in the lower extremities.  She had normal sensation.  Tr. 265.  He diagnosed the Plaintiff with "failed back syndrome."  Id.

14.   It is clear that the objective medical evidence in the record supports the ALJ's finding that Plaintiff is not disabled from all work. The clinical and diagnostic records would not support any other conclusion.  Further, the subjective and other evidence in the record supports the ALJ's decision.

15.   In considering Plaintiff's subjective complaints of pain, the ALJ properly found that Plaintiff had symptom-producing medical problems but properly found that the medical evidence did not support her complaints of disabling pain.  As discussed above, the ALJ considered the medical evidence in rejecting Plaintiff's complaints of disability.  Thompson v. Sullivan, 987 F.2d 1482,

1487 (10th Cir. 1993)(the absence of an objective medical basis for the degree of severity of pain may affect the weight given to the plaintiff's subjective allegations of pain).

16.    The ALJ also considered the levels of medication and frequency   of   medical   treatment   in   evaluating   Plaintiff's credibility.  Thompson, 987 F.2d at 1489.  Contrary to Plaintiff's assertion, the ALJ specifically mentioned in her decision that as of February 18, 1998, the Plaintiff was "using an occasional Ibuprofen for discomfort."  Tr. 12.  Further, Plaintiff testified that only a partial dosage of Xanax was effective for rest and relaxation.  Tr. 28 and 210.

17.    The ALJ specifically asked the Plaintiff about her daily activities.   Luna  v.  Bowen,  834  F.2d  161  (10th  Cir.  1987). Plaintiff  testified  and  the  ALJ  wrote  in  the  opinion  what  the Plaintiff does in a typical day.  Tr. 15.  She straightens up the house and does light housekeeping. Tr. 36.   She spend much of her day reading.  She can drive.  She can walk up stairs.  She attends church.  Tr. 42.  She is able to sit.  She takes care of her own personal needs.  Tr. 41.  She is able to walk for thirty minutes. Tr. 38-39.  Thus, Plaintiff's own testimony does not support her allegation that she is totally disabled.

18.     The  ALJ's  residual  functional  capacity  finding  is supported by the record.  The RFC assessment is an administrative finding that is reserved solely to the ALJ and is based upon the totality of the evidence of record.  S.S.R. 96-5p; 20 C.F.R. Secs.

404.1545(a), 416.945(a).  It is clear from the ALJ's decision that she considered both the medical and nonmedical evidence in determining that Plaintiff had the RFC for light work with a sit/stand option and additional limitations of no frequent twisting, bending and stooping.  Tr. 15.  Plaintiff's subjective complains alone cannot establish a disability.  <u>Thompson</u> 987 F.2d at 1482.

19.    Finally, Plaintiff argues that the ALJ relied upon an improper hypothetical question presented to the vocational expert. Plaintiff argues that the hypothetical did not include Plaintiff's allegations that she requires 2 fifteen minute breaks each day and that she would miss more than 4 days of work each month  The ALJ correctly did not rely on the response to this questions.  These alleged limitations are based on Plaintiff's subjective allegations which, as discussed *supra*, the ALJ found to be not credible.  The Tenth Circuit has specifically held that a vocational expert's response to a hypothetical questions based upon unsupported assumptions does not bind the ALJ.  <u>Gay v. Sullivan</u>, 986 F.2d 1336, 1341 (10th Cir. 1992).  Only a hypothetical question which contains assumptions supported by the record provides an accurate basis for a determination that no disability exists.

### Recommended Disposition

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**